UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
JORDAN MARK GEIGER
1027 Azalea Road
Union, New Jersey [07083]
(908) 342-1598

In Re:
JORDAN MARK GEIGER

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

2023 FEB 14 P 3: 37

JEANNE A. NAUGHTON

BY: D. Chynowew
DEPUTY CLERK

Case No.: 23-10396
Chapter: 13
Judge: PAPALIA

## CERTFICATION IN SUPPORT TO NOTICE OF MOTION OBJECTION TO CLAIM

JORDAN MARK GEIGER, hereinafter referred to as "DEBTOR", of full age, hereby certifies and says:

1. On or about April 21, 2022, DEBTOR sent an AFFADAVIT OF LOAN DENIAL in form of Qualified Written Request. (*See attached Exhibit A*; *Pages 2-5*)

2. On or about May 30, 2022, DEBTOR received correspondence dated May 17, 2022, with a complete packet in connection with the Qualified Written Request. (*See attached Exhibit A*)

3. Within this packet, alleged Claimant includes a copy of the Promissory NOTE and MORTGAGE, where at the beginning of the documents, it is evident the discrepancies between the prima facie evidence, which lies with the Foreclosure Court (*See attached Exhibit B; Pages 11-13*), and the document presented in the alleged Claimant's response letter to the QWR and presented to the Bankruptcy Court as the Claimant's prima facie evidence in DEBTOR's previous cases 22-15048 (*Exhibit C*) and 19-30339 (*Exhibit D*).

4. The copy of the NOTE that the alleged Claimant presented in their QWR response letter and the copy of the NOTE that is with the Foreclosure Court, certified to be a true copy by Richard M. Citron, Esq., alleged Claimant's attorney at the time of the foreclosure fillings

of Complaint and of Final Judgement.

5. The copy of the NOTE that is with the Foreclosure Court as prima facie evidence is indorsed blank and not dated.

6. The copy of the NOTE presented with the response of the QWR (*will be referred to as QWR NOTE*) shows four (4) endorsements in which the indorsement stamp on the QWR NOTE, similar to the NOTE presented to the Foreclosure Court as evidence is indorsed stamped to ALLY BANK f/k/a GMAC BANK without a date. The other indorsements are also without a date.

7. On or about May 30, 2022, DEBTOR received a notice from alleged Claimant's attorney stating that the "*Sheriff sale is now scheduled for June 22, 2022...*" as the matter is on hold due to the QWR. (*See attached Exhibit A; **Page 57***)

8. On or about June 13, 2022, DEBTOR received the following two correspondences:

    a. A NOTICE OF SALE OF OWNERSHIP OF MORTGAGE LOAN, dated June 2, 2022, from RUSHMORE LOAN MANAGEMENT SERVICES, LLC, stating that they are the new mortgage owners of the alleged loan secured by the domicile of the DEBTORs Beneficiary and which to the date of May 2, 2022, on the notice of sale, the claim on said domicile in the foreclosure case number F-009235-18 to be the alleged Claimant, OCWEN LOAN SERVICING, LLC. (*This is the only notice DEBTOR received of any sale, transfer, or assignment to a new creditor, as required under federal law, from the time alleged Claimant filed its complaint, then filing the MOTION FOR FINAL JUDGEMENT presenting the court a CERTIFIED TO BE A TRUE COPY of the NOTE in question as prima facie evidence.*) (See attached Exhibit A, **Page 44**)

    b. DEBTOR then received a NOTICE OF SERVICING TRANSFER letter from OCWEN LOAN SERVICING, LLC subsidiary servicing the loan, PHH MORTGAGE SERVICES, notifying DEBTOR that as of June 24, 2022, coincidentally same date on the docket for the Court's decision, the transferring of servicing for the alleged loan in question to RUSHMORE LOAN MANAGEMENT SERVICES, LLC. (*See attached Exhibit A, **Page 37***)

9. **Pursuant to Federal Rule of Evidence 1002:** As presented above the original wet signature NOTE is required to resolve this controversy.

10. **Pursuant to Federal Rule of Evidence 1003:** In this case copies should not be admissible as the original will show the predictive chain of title. With today's technologies (photoshop etc.) it would be too easy to add.

11. **Pursuant to Federal Rule 3001:** Must have a predictive chain of title. As presented above there is gross discrepancy in the predictive chain of title.

12. **Pursuant to R. 4:50-1(d) the judgment or order is void because the alleged Claimant lacks standing to foreclose.** The alleged Claimant is not the original lender. The Note is payable to GATEWAY FUNDING DIVERSIFIED MORTGATE SERVICES L.P. The alleged Claimant the time of foreclosure complaint is: OCWEN LOAN SERVICING, LLC. Now comes U.S. BANK NATIONAL ASSOC. not in its Ind. capacity but solely as Legal Title Trustee for RMTP Trust / RUSHMORE LOAN MANAGEMENT SERVICES, LLC as alleged claimant.

13. The alleged Claimant has not proven that to be either the holder of the note or a no holder in possession of the note with the right to enforce since the time the complaint was filed.

14. DEBTOR and Beneficiary compels discovery that the alleged Claimant/Creditor produce the wet ink signature NOTE and or request that a firsthand witness, with firsthand knowledge verify the claim that Claimant has brought forth to this Court under oath in order to move forward with the Plan.

15. If Claimant/Creditor, U.S. BANK NATIONAL ASSOCIATION, fails to produce the wet ink signature NOTE or a witness with firsthand knowledge to verify the claim under oath, DEBTOR moves to void their claim.

16. **As per 11 U.S.C. Section 522(b),** DEBTOR and Beneficiary moves to reclassify the following claims as unsecured and to void liens on collateral which is the Domicile of the Beneficiary for over 10 years.

17. **Pursuant to 9 U.S. CODE § 9:** This matter is also resolved by Arbitration. Please find the attached copy of the Award, Contract and Proof of Service of completed administrative process. (*Exhibit E: Original Award and Contract will be presented upon request or when an Honorable Agreement has been reached.*))

Date: 2/13/2023

WITHOUT PREJUDICE UCC 1-308
Signature